NOT DESIGNATED FOR PUBLICATION

No. 121,756

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY S. TWITTY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed September 25, 2020. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., STANDRIDGE, J., and MCANANY, S.J.

PER CURIAM: In this appeal Anthony Twitty contends that the district court abused its discretion in ordering him to serve his underlying sentence, without modification, after his probation had been revoked for various probation violations and the filing of new criminal charges against him.

Twitty entered into a plea agreement with the State, which called for him to plead guilty to possession of methamphetamine and promoting the sale of sexual relations. In exchange, the State agreed to recommend a mitigated grid box sentence on the drug conviction, a concurrent sentence on the other conviction, and probation contingent upon

1

Twitty getting a drug and alcohol evaluation that identified a treatment program that would be available to Twitty without an unreasonable delay.

Twitty entered his pleas in accordance with the plea agreement. He informed the court that he had undergone a drug and alcohol evaluation and was currently getting outpatient treatment through the Crossroads program. The court imposed concurrent sentences with a controlling sentence of 32 months and granted a dispositional departure to 12 months' probation.

Within a week after being placed on probation, Twitty used THC and within a week later used methamphetamine. He also failed to report to his Intensive Supervision Officer, failed to obtain a new drug and alcohol evaluation as directed, and his whereabouts were now unknown. A warrant was issued for his arrest.

It was almost eight months later before Twitty appeared in court for a hearing after having been arrested. He admitted the allegations and contended that he could get into an impatient treatment program when space would be available three months hence. The court reinstated Twitty's probation and extended it for 12 months from the date of the hearing. The court also ordered him to serve a two-day jail sanction.

A second arrest warrant was issued a month later when Twitty's whereabouts were unknown. The warrant was based on allegations that Twitty violated his probation by failing to report, failing to show that he had entered a treatment program, failing to show proof of employment, and failing to complete community service.

A third warrant followed when it was alleged that Twitty had committed new offenses that included unlawful possession of methamphetamine, resisting or obstructing arrest, and providing a false name to identify himself.

Once Twitty was apprehended, he admitted to the violations underlying the latest two warrants, including the commission of new crimes, at an August 2019 probation violation hearing. He requested of the court a 30-day sanction rather than the imposition of his underlying sentence so that he could enter an inpatient treatment program to deal with his drug problem. The court revoked Twitty's probation and ordered him to serve his underlying prison sentence. This appeal followed.

Twitty argues on appeal that the district court abused its discretion in ordering him to serve his underlying sentence. The court abuses its discretion when its ruling is based on an error of fact or law or is one which no reasonable person would have made under the circumstances. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Here, Twitty does not claim the district court based its order on an error of fact or law. Thus, it is his burden to show that the court abuses its discretion by entering an order that no reasonable judge would enter. See *State v. Edwards*, 311 Kan. __, 467 P.3d 484, 492 (2020).

Twitty claims that another chance at probation would have allowed him to seek drug treatment. But under the circumstances, it was not unreasonable for the district court to reject this argument. Twitty had previously failed to follow through with drug treatment, continued to use drugs, and committed new crimes. The district court did not abuse its discretion when it revoked Twitty's probation.

Twitty also argues that even if his probation was reasonably revoked, the district court abused its discretion in failing to impose a shorter prison sentence than his underlying sentence of 32 months.

When the district court revokes a defendant's probation, it has the discretion to order a defendant to serve the underlying sentence or any shorter sentence. K.S.A. 2019 Supp. 22-3716(b)(3)(B)(iii). We typically review such decisions for any abuse of discretion. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017). But a district

3

court is not mandated to consider on the record whether a defendant's underlying sentence should be reduced when the issue is not raised at the probation violation hearing. 54 Kan. App. 2d at 647. Here, at Twitty's probation violation hearing, he requested the district court to reinstate his probation but he made no request for a reduced prison sentence. Because the district court did not have an independent duty to consider a lesser sentence, the district court did not abuse its discretion by failing to impose a shorter prison sentence.

Affirmed.